IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR BAGLEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3798 |
| | : | |
| EXPERIAN CREDIT BUREAU, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**HODGE, J.**                                                              **SEPTEMBER   17, 2025**

Plaintiff Arthur Bagley initiated this civil action by filing a *pro se* Complaint against Experian Credit Bureau ("Experian") and Experian employee Sarah Lovell.  (ECF No. 2.)  He has filed motions requesting leave to proceed *in forma pauperis* (ECF No. 1), to refer the matter to mediation (ECF No. 6), to change the service method from certified mail to first class mail (ECF No. 7), and to submit a "certification" for the Court's approval (ECF No. 8).  For the following reasons, the Court will grant Bagley leave to proceed *in forma pauperis* and dismiss his Complaint.  The other motions will be denied.

**I.      FACTUAL ALLEGATIONS**[1]

Bagley was a victim of identity theft and fraud, which he initially reported to the credit reporting agency Equifax.  (ECF No. 2-1 at 6.)  Equifax investigated and removed the disputed information from his report.  (*Id*.)  Equifax forwarded the pertinent information to two other credit reporting agencies, TransUnion and Defendant Experian.  (*Id*.)  After those two companies

---

[1] Bagley's Complaint consists of the Court's form complaint available for use by unrepresented litigants, plus attached exhibits.  (ECF Nos. 2, 2-1.)  The Court deems the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system.

refused to delete the disputed entries, Bagley filed a small claims complaint against them in Philadelphia Municipal Court, demanding removal of the disputed information and $2,000 in damages. (*Id*.) On March 24, 2025, Experian and TransUnion agreed to each pay Bagley $1,000 by May 1, 2025, and to remove four negative accounts from his credit report. (*Id*. at 77.) The Municipal Court entered a Judgment by Agreement reflecting these terms. (*Id*. at 64-65, 77.) *See Bagley v. TransUnion, et al.*, SC-25-01-30-6686 (MC Philadelphia March 24, 2025 (Entry 17, Disposition)).

Defendant Lovell, a Senior Litigation Analyst for Experian, sent Bagley a letter dated March 26, 2025, in which Experian acknowledged the judgment by agreement and requested that he complete and return a W-9 form "to expedite the agreed payment." (ECF No. 2-1 at 71.) Lovell further stated that she had enclosed a current copy of Bagley's Experian credit report that showed "the removal of the agreed negative account information." (*Id*.) Bagley claims that he returned the W-9 document to Experian as requested. (*Id*. at 69.) He indicates that, as of May 1, 2025, TransUnion had satisfied its obligations, but Experian breached the agreement because it did not pay him the agreed-upon $1,000. (*Id.* at 72; ECF No. 2 at 3.) On May 2, 2025, Bagley filed an affidavit to that effect in Municipal Court and obtained a Writ of Execution to enforce the money judgment against Experian. (ECF No. 2-1 at 66-67, 72, 74-75.) He tried to have the Writ served on Experian's Settlement Administrator at a Philadelphia address but was informed by the sheriff's department that Experian no longer had an office at that address. (*Id*. at 69, 71.)

Bagley filed this civil action seeking to enforce the judgment he obtained in small claims court against Experian for $1,000. (ECF No. 2 at 4.) As relief in this action, he requests that the Court "issue a writ of execution carried out by the US Marshal Service upon the Experian Corporation" at the Allen, Texas, return address contained in its March 26, 2025 letter. (*Id*.)

2

## II. STANDARD OF REVIEW

The Court will grant Bagley leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When the litigation is in this early stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Bagley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and

3

courts have a duty to consider them sua sponte." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

### III. DISCUSSION

#### A. Enforcement of Small Claims Municipal Court Judgment

Bagley asks this Court to enforce the judgment he obtained in Philadelphia Municipal Court, but he has not alleged facts in support of the request that plausibly state a claim falling within this Court's jurisdiction.[2] Essentially, Bagley must register the judgment in a jurisdiction where he may enforce it against Experian.[3] In the federal context, 28 U.S.C. § 1963 provides that a federal district court may register a judgment for recovery of money entered in another federal court. *Id*. ("A judgment in an action for the recovery of money or property entered in

---

[2] In his Complaint, Bagley cites to 28 U.S.C. § 1681, a provision of the Fair Credit Reporting Act ("FCRA") that concerns the accuracy and fairness of credit reporting. (*See* ECF No. 2 at 2.) Because Bagley's request for relief focuses entirely on the enforcement of the judgment obtained in Municipal Court, the Court does not understand him to raise a freestanding claim under the FCRA here. To the extent that he did so intend, the claim would be barred under the doctrine of *res judicata* because he previously litigated his FCRA claim against Experian in the Municipal Court. (*See* ECF No. 2-1 at 6 ("Statement of Claims" in *Bagley v. TransUnion, et al.*, alleging, among other claims, "violations of Fair Credit Reporting Act"); *see also Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 802 (3d Cir. 2017) (*per curiam*) (affirming district court's ruling that *res judicata* barred FCRA claim when earlier collections action in state court involved same claims and defenses); *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72, 74 (1974) (providing the standard in Pennsylvania for res judicata application). Furthermore, Bagley cannot proceed against Defendant Lovell under the FCRA because an employee of a credit reporting agency is not liable under that statute. *See, e.g., Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014) (explaining that the FCRA imposes obligations on "furnishers," such as banks and other lenders, and credit reporting agencies, which collect consumer credit data from furnishers and organize it into individualized credit reports used by commercial entities to assess a particular consumer's creditworthiness).

[3] The judgment agreement Bagley reached in the Municipal Court was with Experian. Lovell purportedly served as Experian's representative in that transaction. Bagley cannot enforce the judgment against a non-party individual such as Lovell. *See* 30 Am. Jur. 2d *Executions and Enforcements of Judgments* § 8 (noting that, as a general rule, a judgment rendered against one entity may not be enforced against a nonparty).

4

any . . . district court . . . may be registered by filing a copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal . . . ."). The statute does *not* permit the registration of state court judgments in a district court, however.[4] *See Woo v. Spackman*, 988 F.3d 47, 52 (1st Cir. 2021) (holding that § 1963 does not authorize federal courts to register state court judgments); *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F. 3d 1270, 1274 (10th Cir. 2019) (same); *see also Cunningham v. Beasley*, No. 24-606, 2024 WL 4614661, at *2 (S.D. Ohio Oct. 29, 2024) (denying the request to enforce a judgment obtained in small claims court for lack of jurisdiction and citing cases); *Emerson v. Williams*, No. 19-365, 2020 WL 32511, at *1 (N.D. Ohio Jan. 2, 2020) (concluding that the court lacked subject matter jurisdiction to enforce a small claims judgment obtained in municipal court). Absent federal grounds, Bagley lacks a basis for this Court to exercise jurisdiction over the claim. This claim will accordingly be dismissed for lack of subject matter jurisdiction.

### B. State Law Claim for Breach of Contract

Bagley may be attempting to bring a breach of contract claim against Experian and Lovell under state law. *Vogt*, 8 F.4th at 185 (holding that the Court must construe a *pro se* plaintiff's allegations liberally). Because the Court has dismissed the federal claim, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claim. The only independent basis for jurisdiction over such a claim is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship

---

[4] To the extent that Bagley endeavors to enforce a state court judgment against a defendant located in another state, the Uniform Enforcement of Foreign Judgments Act provides procedures as codified within each accepting state.

from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co.*, 800 F.3d at 104 (explaining that, unless there is some other basis for jurisdiction, "no plaintiff may be a citizen of the same state as any defendant" (cleaned up)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).

Bagley provides a Philadelphia, Pennsylvania, address for himself, and his allegations imply that the Defendants are Texas citizens because the March 2025 letter contained an Allen, Texas, return address. (ECF No. 2 at 4.) But this is not a sufficient basis to allege citizenship for the purposes of claiming diversity jurisdiction. Bagley has not asserted that Experian is incorporated and has its principal place of business in Texas, *see* 28 U.S.C. § 1332(c), nor does he provide any facts alleging that Lovell is domiciled in Texas. *See Washington*, 652 F.3d at 344. Moreover, even if he had properly alleged diverse citizenship, he only claims $1,000 in damages in the Complaint. This amount falls far short of the amount in controversy required for this Court to exercise jurisdiction. *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 322 (3d Cir.

2010) (affirming the district court's ruling that diversity jurisdiction was lacking because plaintiff's plausible damages were well below $75,000). This claim will likewise be dismissed for lack of subject matter jurisdiction. *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))).

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Bagley leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for lack of subject matter jurisdiction. Bagley's "Motion for Court Ordered Mediation Hearing" (ECF No. 6), "Motion to Amend Mailing Service Type" (ECF No. 7), and "Motion for the Court to Grant Plaintiff's Attached Certification Page" (ECF No. 8) will be denied as moot. The Court concludes that leave to amend would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order will be entered separately.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
**KELLEY BRISBON HODGE, J.**